IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-131 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S** |
| | : | **MOTION TO SUPPRESS EVIDENCE** |
| SCOTT SURGENER, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Suppress Evidence (Doc. 29). The United States opposes the motion, and Defendant replied and filed supplemental authority. (Docs. 32, 37, 39.) A grand jury indicted Defendant Scott Surgener on four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). According to Surgener, the first child's sexual assault allegations do not provide probable cause to search his phone, on which authorities discovered evidence that Surgerner sexually assaulted and made pornographic images of a second child. For the reasons that follow, Defendant's motion will be **DENIED**.

I. BACKGROUND

On August 1, 2019, a 12-year-old female ("Minor Victim B")[1] and her mother reported to Springdale, Ohio Police that her friend's father, Scott Surgener, sexually assaulted her twice, once around July 4, 2018 and a second time a few weeks later. Minor Victim B told a Springdale Detective that, on both occasions, she agreed to spend the night with her friend,

---

[1] Defendant refers to the 12-year-old victim who reported Surgerner's sexual assault to the Springdale Detective as "Minor Victim 1." The affidavit in support of the federal search warrant uses letters rather than numbers to identify the minor victims. For consistency, this Court will use letters, but notes here that "Minor Victim 1" and "Minor Victim B" are the same person.

1

Surgener's daughter, and Surgener assaulted her during the night. Minor Victim B provided detailed accounts of both sexual assaults.

On August 16, 2019, the Springdale Detective interviewed Surgener. Surgener denied any inappropriate behavior, and he was allowed to leave. However, Springdale Police confiscated Surgener's black iPhone.

On August 21, 2019, the Springdale Detective swore out an affidavit requesting a warrant to search Scott Surgener's black iPhone. (Doc. 29-1.) According to the affidavit, the Detective sought evidence of two crimes: rape, in violation of Ohio Rev. Code § 2907.02, and gross sexual imposition, in violation of Ohio Rev. Code § 2907.05. (*Id.* at PageID 79.) The Detective fully recounted the detailed sexual assault allegations Minor Victim B had made against Surgener. Both alleged sexual assaults occurred during personal encounters at Surgener's residence, but the affidavit made no mention of telephone use related to either assault. (Doc. 29-1 at PageID 79–80.) The affidavit states, "Based upon my training and experience it is my belief that the examination of the black Iphone [sic] belonging to Scott Surgener and account information may lead to user identification, additional witnesses, as well as victims and or evidence of the criminal offense." (*Id.* at PageID 80.)

Based on the Springdale Detective's affidavit, a Hamilton County Common Pleas Judge issued a search warrant permitting the Springdale Police to search Surgener's iPhone for "Incoming and outgoing phone calls, text messages, emails, pictures, videos, contact lists, subscriber/owner information, and any other electronically stored data." (Doc. 29-1 at PageID 81.) The search of Surgener's iPhone revealed "numerous images that were hidden in a calculator application of a different young female later identified as a 13 year old friend of SURGENER'S daughter . . . herein referred to as Minor Victim A." (Doc. 29-2 at PageID 92.)

2

The images show Minor Victim A in various stages of undress and engaging in specific sexual acts, some of which also involve an adult male. (*Id.* at PageID 92–93.) The metadata associated with the images indicate that they were produced on various dates in June 2019, at or near Surgener's residence. (*Id.* at PageID 93.)

On October 29, 2019, Hamilton County Detective and Task Force Officer with the Federal Bureau of Investigation Donald Minnich swore out an affidavit detailing both the sexual assault allegations Minor Victim B reported as well as the images of Minor Victim A found on Surgener's iPhone. (Doc. 29-2.) Based on Minnich's affidavit, a United States Magistrate Judge issued a warrant authorizing a search of Surgener's home and detached garage for evidence of crimes relating to child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. Execution of the federal search warrant did not produce additional evidence of child pornography. However, it did confirm details Minor Victim B provided to the Springdale Police, and Minor Victim A was present in Surgener's home when police arrived.

On November 13, 2019, a grand jury indicted Surgener on four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 17.) Surgener was arrested and has been detained pending trial on these charges.

Surgener moves to suppress the evidence obtained from the Hamilton County search warrant as violative of the Fourth Amendment to the United States Constitution. He contends that the Springdale Detective's affidavit lacked information from which the Common Pleas Judge could conclude that Surgener's iPhone would contain evidence of child rape and gross sexual imposition. Surgener further contends that, since the affidavit underlying the federal

warrant described images illegally obtained from his iPhone, any evidence obtained in execution of the federal warrant must also be suppressed.

## II.   PROBABLE CAUSE

Pursuant to the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, ___ U.S. ___, ___, 138 S.Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. ___, ___, 134 S.Ct. 1090, 1103 (2014)). As the Sixth Circuit recently opined:

> Probable cause exists if the facts, circumstances, and "reasonably trustworthy information" would allow a person "of reasonable caution" to believe that a crime has been committed. *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). This is "a practical, nontechnical conception," *ibid.*, and it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243–44 n.13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

*United States v. Neuhard*, 770 F. App'x 251, 253 (6th Cir.), *cert. denied*, 140 S. Ct. 570 (2019).

In determining whether a search warrant is supported by probable cause, a court may consider only the "four-corners of the affidavit." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009); *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). Thus, "information known to the officer but not conveyed to the magistrate is irrelevant." *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016) (quoting *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) (citation omitted)).

Probable cause exists when "common-sense" suggests a "fair probability" that contraband or evidence of a crime "will be found in a particular place." *Illinois v. Gates*, 462

4

U.S. 213, 238 (1983). "[T]he affidavit supporting the search warrant must demonstrate a nexus between the evidence sought and the place to be searched." *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016) (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc)).

A reviewing court should give "great deference" to a magistrate judge's probable cause determination and reverse only if it was "arbitrarily" made. *United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009); *Neuhard*, 770 F. App'x at 253. It should not engage in "line-by-line scrutiny of the warrant application's affidavit." *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008). The affidavit should be judged "on the adequacy of what it does contain, not on what it lacks, or what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

The Court located two cases regarding suppression where child sexual assault allegations led to child pornography evidence, but neither provides clear instruction here. In *United States v. Hodson*, 542 F.3d 286 (6th Cir. 2008), officers sought to search the defendant's residence, including any and all computers and electronic devices found there for child pornography. The Court noted that the underlying affidavit "established probable cause to search for evidence of one crime (child molestation) but designed and requested a search for evidence of an entirely different crime (child pornography)." *Id.* at 289. Concluding that "[i]t is significant that this depiction of the 'places to be searched and things to be seized' describes and directs a search for evidence of child *pornography*, with nary a hint of child *molestation*," the Court excluded evidence of the child pornography found on the defendant's residential computers. *Id.* at 288– 89.

In *United States v. Neuhard*, 770 F. App'x 251 (6th Cir. 2019), two children accused the defendant of sexual assault. After noting that the defendant showed one of the children a pornographic video for instruction during the sexual assault, the Court "easily" upheld a search of the defendant's residence and all electronic devices for child pornography. *Id.* at 253. In doing so, the Court noted that "evidence of child molestation does not establish probable cause to search for child pornography." *Id.* (quoting *Hodson*, 543 F.3d at 289) (internal citation omitted). However, the Court specifically rejected the defendant's argument that only a device used during the sexual assault should be subject to search for pornography. *Id.* at 254.

Unlike the officers in *Hodson* and *Neuhard*, however, the officers in this case were not seeking evidence of child pornography. Instead, the Detective's affidavit sought evidence related to "Rape 2907.02, Gross Sexual Imposition 2907.05." (Doc. 29-1 at PageID 79.) A commonsense review of the affidavit does, in fact, suggest a fair probability that evidence of child rape and gross sexual imposition will be found, but it does not demonstrate a likelihood it will be found in the place to be searched, Surgener's black iPhone. Unlike the affidavit in *Neuhard*, the affidavit here makes no mention that a phone or similar electronic device was used as part of the sexual assault. Accordingly, the Court must conclude that the search warrant here lacks probable cause because the affidavit fails to demonstrate the required nexus between the alleged rape/gross sexual imposition of Minor Victim B and Surgener's black iPhone.

### III. GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE

"When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull*, 480 U.S. 340, 347 (1987). But courts typically should *not* suppress "evidence obtained in objectively reasonable reliance on a

subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). The four specific situations in which an officer's reliance cannot be considered "objectively reasonable" are: (1) when the warrant is issued on the basis of an affidavit that an affiant knows—or is reckless in not knowing—contains false information; (2) when the issuing magistrate abandons his or her neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (citing *Leon*).

The defendant here contends that the affidavit is so lacking in indicia of probable cause as to render belief in it objectively unreasonable. (Doc. 29 at PageID 77.) According to Surgener, the Detective's affidavit is "the epitome of a 'bare bones' affidavit." (*Id.*) Thus, Surgener contends, the *Leon* good faith exception to the exclusionary rule does not apply, and the images and evidence found on Surgener's iPhone and any subsequent evidence originating from that search must be suppressed.

"Under this exception, the executing officer must have had 'no reasonable grounds for believing that the warrant was properly issued.'" *Hodson*, 543 F.3d at 293 (quoting *United States v. Helton*, 314 F.3d 812, 824 (6th Cir. 2003)). The objective reasonableness determination "inquires 'whether a reasonably well trained officer would have known that the search was illegal despite the [judge's] decision'" to the contrary. *Id.* (quoting *Leon*, 468 at 923 n. 23). The Court concludes she would not.

Instead, a reasonably well trained officer likely would look at specific facts contained in the affidavit, i.e., on two specific, date-identified occasions, Surgener sexually assaulted 12-year-

7

old Minor Victim B while she slept on the couch in Surgener's living room as an overnight guest of Surgener's similarly-aged daughter. As fully recounted in the affidavit, Minor Victim B described Surgener's argument with his wife, his intoxication, their relative locations within his living room, and the specific actions he took in sexually assaulting her. She also explained her method of clean up after each assault. (Doc. 29-1 at PageID 79–80.) Based on these facts, a reasonably well trained officer could reasonably believe that the Hamilton County Common Pleas Judge properly found probable cause to search Surgener's iPhone for evidence of child sexual assault of either Minor Victim B or other overnight guests of his daughter, as well as user identification, or additional witnesses. *See United States v. Merriweather*, 728 F. App'x 498, 505 (6th Cir. 2018) ("[R]easonable inferences that are not sufficient to sustain probable cause in the first place may suffice to save the ensuing search as objectively reasonable.") (quoting *United States v. White*, 874 F.3d 490, 500 (6th Cir. 2017).

Surgener contends that the affidavit is "the epitome of bare bones" and thus will not support good faith reliance. However, a "bare bones affidavit" "is commonly defined as one that states only 'suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'" *White*, 874 F.3d at 496 (quoting *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)). It is "either 'completely devoid' of facts to support the affiant's judgment that probable cause exists . . . or 'so vague as to be conclusory or meaningless.'" *Id.* (quoting *United States v. Carpenter*, 360 F.3d 591, 595–96 (6th Cir. 2004) (en banc) and *United States v. Frazier*, 423 F.3d 526, 536 (6th Cir. 2005)). "Only when law enforcement officials operate in 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights will the 'heavy toll' of suppression 'pay its way.'" *Id.* at 497 (quoting *Davis v. United States*, 564 U.S. 229, 237–38 (2011)) (some internal quotation

8

marks omitted for clarity). "We must therefore find that the defects in an affidavit are apparent in the eyes of a reasonable official before faulting an executive official for complying with his or her duty to execute a court-issued order." *Id.* (citing *Leon*, 468 U.S. at 921). Based on the specificity and reliability of the underlying facts alleged in the affidavit, the Court cannot find the defects sufficiently obvious to require suppression in this case.

## IV. CONCLUSION

For the reasons set forth above, Defendant Scott Surgener's Motion to Suppress Evidence (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated: Oct 6, 2020

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court